UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CR320 AGF (PLC) |
| | ) | |
| MICHAEL GLADNEY, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before the Court on the Defendant's pretrial motions. In the indictment, Defendant is charged in Count One with armed robbery, in violation of 18 U.S.C. § 1951(a), and in Count Two with possessing, brandishing and discharging a firearm, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, namely obstruct, delay, or affect commerce by robbery as charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A), and 2 (a Hobbs Act robbery). The charges arise out of an armed robbery of Vincent's Jewelers in Creve Coeur, Missouri, on March 19, 2018, by four males wearing masks, gloves and dark clothes, which was captured on video tape.

All pretrial motions were referred to United States Magistrate Judge Patricia L. Cohen under 28 U.S.C. § 636(b). Defendant Michael Gladney filed a Motion to Dismiss Count Two (ECF No. 65) and a Motion to Suppress Physical Evidence (ECF No. 66). In his motion to dismiss Count Two, Defendant asserts that a Hobbs Act Robbery is not a Crime of Violence under 18 U.S.C. § 924(c). In his motion to suppress evidence, Defendant asserts that the evidence obtained as a result of a search of a residence should

be suppressed because the search warrant affidavit on its face does not provide a sufficient nexus to the residence to be searched. The government filed a brief in opposition to both motions (ECF No. 75), asserting that Defendant's motion to dismiss was foreclosed by Eighth Circuit case law. The government further asserted that the search warrant was supported by probable cause, and if there was any question with respect to probable cause, the agents relied on the search warrant in good faith.

On March 5, 2019, Magistrate Judge Cohen held an evidentiary hearing, at which the government provided the testimony of Special Agent Vincent Liberto, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who was also the affiant on the affidavit in support of the search warrant. Defense counsel cross examined the witness. Following the receipt of a transcript of the hearing, the parties submitted post hearing briefs.

On June 10, 2019, the Magistrate Judge issued her Report and Recommendation (the "R&R"; ECF No. 90). The Magistrate Judge recommended that the motion to suppress be denied, finding that the search warrant affidavit provided probable cause to support the search of the subject residence. The Magistrate Judge also recommended that the motion to dismiss Count Two be denied, based on Eighth Circuit case law. Defendant filed Objections to the R&R (ECF No. 94), specifically objecting to three of the factual findings in the R&R, and again arguing that the search warrant documents did not have a sufficient link to the residence, such that there was not probable cause to believe that the evidence sought would be found at the subject Dominica Drive residence. With respect to the motion to dismiss Count Two, Defendant provided no new argument,

but rather objected to the legal conclusion "[f]or the reasons stated in his Motion to Dismiss Count Two." The government responded to the objections. (ECF No. 98.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript and the exhibits introduced at the hearing. Based on that review, the undersigned concludes that except with respect to one finding, discussed below, the Magistrate Judge made proper factual findings, and further finds that the Magistrate Judge correctly analyzed the legal issues.

## **Findings of Fact**

Defendant made three specific objections to the factual findings in the R&R. With respect to Defendant's second objection, the Court agrees that there is an erroneous statement in the R&R. As Defendant notes, the R&R states that the search warrant affidavit established that on March 29, 2018, investigators observed an individual matching Defendant's description at the residence on three occasions, whereas the affidavit and the testimony establish Defendant was observed that day on only two occasions. The government agrees that Defendant was observed on only two occasions, and from a review of the record, the Court agrees. However, the Court does not believe that this error was material to the Magistrate Judge's conclusions. As the government

3

correctly notes in its response to the objections, the Magistrate Judge's more detailed narrative description of the events in the R&R recites only two such observations.[1]

The Court finds Defendant's first and third objections have no merit and are overruled. Defendant objects to the finding that "[a] record check revealed a white 2003 Cadillac Escalade SUV registered in Defendant's name at 1302 Dominica Drive." While acknowledging that this fact is true, Defendant objects because the government provided no testimony about the registration's year, the accuracy of the registration address as Defendant's past or present home, or who primarily used the SUV as of March 2018 or before. (ECF No. 94, at 1.) The Magistrate Judge's finding is consistent with both the hearing testimony and, more importantly, tracks the information in the search warrant affidavit. (Govt. Ex. 9, at 4.) Defendant does not dispute the truth of the statement, but simply quarrels with the weight to be accorded the statement. Moreover, the Court believes that a fair reading of the language in the search warrant affidavit – which uses the present tense – would permit an inference that the registration relates to the present time.[2] The language in the affidavit does not purport to suggest who "primarily used" the SUV as of March 2018, and need not do so. The fact is the registration provides nexus of Defendant to both the vehicle and the residence. And the

---

[1] The search warrant affidavit does describe three observations of the vehicle at the residence: one prior to installation of the mobile video; a second on the mobile video; and a third through the agent's subsequent in-person observation at the residence.

[2] The search warrant affidavit says, "A records check showed that GLADNEY has a white 2003 Cadillac Escalade (SUV) registered in his name. This vehicle is registered to **the subject location**." Govt. Ex. 9, at 5.

search warrant affidavit provides other evidence of Defendant's nexus to the vehicle, including observation of Defendant driving the vehicle on March 29.

Defendant's third objection is equally unavailing. Defendant objects to the extent the R&R suggests that the agents *knew* Ms. Shanklin was the mother of Defendant's children and/or his live-in girlfriend, while the affidavit merely states that the investigators "believed" this fact. But the R&R does not state that the agents "knew" that these facts were true with respect to Ms. Shanklin, but only that the agents had "previously received information" that she was the mother of Defendant's children or live-in girlfriend. This fact is well-supported by the testimony at the hearing. In any event, probable cause is determined from the four-corners of the search warrant affidavit, and Defendant has presented no evidence to suggest that the information as presented in the affidavit was untrue.

As such, the Court adopts and incorporates the Magistrate Judge's findings of fact, except the Court finds that Defendant was observed at the subject residence two times on March 29, 2018, and not three times.

## Conclusions of Law

A. **Motion to Suppress**

As properly reflected in the R&R, the determination of whether there is probable cause to support the search warrant of the residence is determined solely from a review of the four corners of the affidavit and reasonable inferences to be drawn from the totality of the circumstances. R&R (ECF No. 90), at 4-5 (citing cases). Based on this Court's *de novo* review of the evidence, the Court agrees that there is probable cause to support the

5

search warrant of the residence. As the Magistrate Judge noted, Defendant concedes the affidavit links Defendant to the robbery of Vincent Jeweler's, and this Court finds the information in the search warrant affidavit provides strong evidence in support of this fact. The affidavit also provides probable cause to believe that the white Escalade observed at the residence was registered to Defendant at the subject residence. The affidavit also states that the utilities at the residence are in the name of Ms. Shanklin, and recites the agents' belief that Ms. Shanklin was the mother of Defendant's children and/or his live-in girlfriend. Although the affidavit does not recite the basis of the agents' belief, that does not render the affidavit deficient. Defendant has not asserted the statement is untrue, and the testimony at the hearing supported such a reasonable belief.

Further, an individual matching Defendant's description was observed at the residence two times on March 29, 2018, a mere ten days after the date of the robbery. The first time, electronic mobile surveillance showed the individual *exit the front door of the residence*, get into the Escalade registered to Defendant, and drive away. The second time, the agents observed an individual matching Defendant's description and two other males *exit the residence at issue*. One of the two (Subject No. 2) appeared to match the description of one of the subjects who committed the robbery. Subject No. 2 got into the Escalade registered to Defendant, while the individual matching Defendant's description and the third individual got into a white GMC Terrain parked *at the residence*. The search warrant affidavit also presented evidence possibly linking the GMC Terrain to the robbery.[3] After exiting the residence at issue, both cars engaged in what appeared to be

---

3 Police located the getaway car, identified as a stolen Dodge Ram truck that was

6

counter-surveillance activity, fully described in the search affidavit, designed to evade being followed.

Based on this information, and other information in the search affidavit, the Court finds that there was probable cause to support the issuance of the search warrant, and specifically, that the affidavit established a sufficient nexus to the residence. Even if the probable cause was at all deficient – and the Court does not find any such deficiency – the agents' reliance on the judge's issuance of the warrant was objectively reasonable. As such, on this record the Court also finds that the agents relied in good faith on the Magistrate Judge's issuance of the warrant within the meaning of *United States v. Leon*, 468 U.S 897 (1984). *See*, *United States v. Jackson*, 784 F.3d 1227, 1231 (8th Cir. 2015). Defendant has not shown or even suggested that there was any false or misleading information in the affidavit. Nor does the record support the existence of any of the other three situations when the good faith exception might not apply.[4] *Id.*

---

abandoned after the robbery. Later, on the day of the robbery, a witness observed two black males in dark clothing arguing near the getaway car. She saw one man exit the getaway car and get into a black sedan. (A black sedan had been seen following the getaway car from the scene of the robbery.) The other man got into a white SUV. The witness was shown a stock photo of a GMC Terrain. Though admittedly unknowledgeable about cars, the witness stated it looked very similar to the white SUV vehicle she saw that day.

[4] As the Court recognized in *Jackson*:
>There are four situations when the good-faith exception would not apply:
>(1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;
>(2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant;
>(3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and

For these reasons, and the reasons stated more fully in the R&R, the Court finds that Defendant's Fourth Amendment challenge lacks merit, and his objections to the R&R will be overruled, except with respect to the single fact statement described above.

### B. Motion to Dismiss

Following *de novo* review, the Court agrees with the Magistrate Judge that Eighth Circuit precedent supports a finding that a Hobbs Act robbery has as an element the use or attempted or threatened use of force within the meaning of 18 U.S.C. § 924(c)(3)(A). As such, Defendant's objection to the R&R will be overruled, and for the reasons stated in the R&R, Defendant's motion to dismiss Count Two of the indictment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Report and Recommendation of United States Magistrate Judge [ECF No. 90] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, except with respect to one factual finding noted above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Two [ECF No. 65] and Motion to Suppress Physical Evidence [ECF No. 66] are **Denied**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2019.

---

(4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid.

*Id.* (citations omitted)